## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUTH R. MORTENSEN and KOSANN R. CORRAL,<br><br>      Plaintiffs,<br><br>v.<br><br>BONNIE GAYLINN R. THOMAS DAZET,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Civil No. 2:08 cv 891<br><br>Magistrate Judge Brooke C. Wells |

Defendant Bonnie Dazet moves the court to dismiss Plaintiffs', Ruth Mortensen and Kosann Corral, Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule 12(b)(6).[1]  Specifically, Defendant argues that Plaintiffs have not alleged adequate consideration to support their claims of an enforceable contract.  For those reasons outlined below, the court agrees with Defendant and finds there was no consideration for the enforcement of the alleged agreement in this case, and therefore GRANTS Defendant's motion to dismiss.

### STANDARD

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules, Plaintiffs' "well-pleaded factual allegations [are viewed] in the light most favorable to the plaintiff[s]."[2] The purpose of a 12(b)(6) motion is to determine whether a party's claim for relief is formally

---

[1] *See* Fed.R.Civ.P. 12(b)(6).
[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir 2005)).

sufficient.[3]  The question is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4]  A claim for breach of contract is a state law claim and this court applies the common law of the state of Utah.[5]

## BACKGROUND

The parties in this case are sisters and the three daughters of Mary D. Reese.  Plaintiffs' Complaint arises from the distribution of the estate of their mother.  Before her death in July 2007, Ms. Reese placed her assets in a trust.[6]  This trust provided that upon Ms. Reese's death, 80% of the trust assets would go to Defendant Bonnie Dazet, 20% of the trust assets would go to Plaintiff Ruth Mortensen, and Plaintiff Kosann Corral would receive nothing.[7]

After Ms. Reese died, Defendant contacted Plaintiffs Mortensen and Corral and requested that they meet her in Salt Lake City during the week of November 5, 2007, "to distribute their mother's personal effects equally among the three sisters and to accomplish the division of the other assets of the estate of Mary D. Reese equally among the three sisters . . . ."[8]  The sisters met several times during that week and "discussed the distribution of their mother's estate."[9]  During these discussions Defendant allegedly stated that she had promised their father that she would "treat her sisters fairly."[10]  At the conclusion of these meetings, Defendant drafted a

---

[3] *See Sutton v. Utah State Ch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).
[4] *Ridge at Red Hawk*, 493 F.3d at 1177 (quoting *Bell Atlantic Corp .v Twombly*, 550 U.S. 544, 547 (2007)).
[5] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71 (1938).
[6] Compl. ¶¶ 7-10.
[7] *Id.* ¶ 10.
[8] *Id.* ¶ 11.
[9] *Id.* ¶¶ 17-19.
[10] *Id.* ¶ 15.

letter[11] to Ken Margetts and Christopher Thomas-presumably the individuals who could modify

the trust-stating that she and Plaintiff Mortensen had agreed to petition for a change in the

distribution of the trust to include Plaintiff Corral, and to divide the assets of the trust into three

equal shares.[12]  The letter dated November 10, 2007, which is attached as exhibit A to Plaintiffs'

Complaint states:

> Over the past few days, the daughters of Mary D. Reese have come together to discuss
> the Mary D. Reese Trust.  Bonnnie Dazet and Ruth Mortensen have agreed to petition for
> a change in the distribution of the Mary D. Reese Trust, dated June 6, 2003, to include
> our sister, Kosann Corral.  Furthermore, we agree to split the assets and personal property
> of the Trust into three (3) equal shares.  Please advise us of the steps we must take to
> accomplish this.  We would like to make an appointment to see you regarding this matter
> as well as asking for clarification of some of the Articles of the Trust.
>
> Please call Bonnie at your earliest convenience to set up an appointment to discuss our
> proposal . . . .
>
> Regards
>
> Ruth Mortensen and Bonnie Dazet
>
> cc:     Chris Thomas
>         Kosann Corral[13]

    Although not material to the court's decision, there is nothing in the record indicating that

an appointment was scheduled pursuant to the letter.  There is also no evidence before the court

indicating a change was made to the trust.  In August 2008, approximately ten months after the

agreement was signed, Defendant notified Plaintiffs that she would not divide the trust as she had

previously represented.[14]  Plaintiffs brought suit in state court on November 3, 2008,[15] alleging

---

[11] Plaintiffs refer to the November 10, 2007, writing as an agreement.  The court finds the specific name
used to reference the writing immaterial in its decision and uses both letter and agreement
interchangeably throughout this opinion.
[12] *Id.* ¶ 20; *see also* Ex. A attached to the Complaint.
[13] Letter dated November 10, 2007, attached as exh. A to Plaintiffs' Complaint.
[14] Compl. ¶ 23.

breach of contract.  Defendant timely removed the action to federal court pursuant to 28 U.S.C.

§ 1441,[16] and then moved to dismiss the Complaint for failure to state a claim upon which relief

can be granted.[17]

## DISCUSSION

At the outset the court notes that Plaintiffs argue Defendant's motion to dismiss does not

comply with the requirements of the Federal Rules or local rule 7-1.  This rule states in relevant

part:

> Motions must set forth succinctly, but without argument, the specific grounds of the relief
> sought.  Failure to comply with the requirements of this section may result in sanctions
> that may include (i) returning the motion to counsel for resubmission in accordance with
> the rule, (ii) denial of the motion, or (iii) other sanctions deemed appropriate by the court.
> Merely to repeat the language of a relevant rule of civil procedure does not meet the
> requirements of this section.[18]

In response, Defendant admits that she failed to comply with the rule and states this was

due to a misunderstanding of the local rules.  Defendant argues for a nominal sanction but

"submits [to] whatever sanction that the Court deems appropriate."[19]

The court finds that the circumstances surrounding Defendant's violation of the local

rules does not warrant a sanction.  But, the court admonishes counsel for Defendant not to make

such errors in the future.

The issue now before the court is whether Plaintiffs' Complaint states facts sufficient,

when coupled with reasonable inferences drawn from those facts, to state a claim for breach of

---

[15] The complaint was originally filed in the Third Judicial District Court for Salt Lake County, State of
Utah, as case no. 080923273, on November 3, 2008.

[16] *See* Notice of Removal, November 18, 2008, Docket no. 3.

[17] *See* Mem. in Supp. docket no. 8.

[18] DUCivR 7-1(a) (2008).

[19] Reply p. 5.

contract.[20]   A breach of contract claim arises under state law, so this court is bound to apply Utah law to determine whether Plaintiffs state a claim for breach of contract.[21]   "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."[22]

Contrary to popular belief the law does not enforce all promises.  "For a promise to be legally enforceable, it must be supported by consideration."[23]   "Consideration is an act or promise, bargained for and given in exchange for a promise."[24]   "It is well settled that consideration may be something other than money.  Any 'act or promise, bargained for and given in exchange for a promise' constitutes consideration."[25]   But, "[i]f there is no consideration, there is no contract."[26]   In essence the "formation of a contract 'requires a bargain in which there is a manifestation of mutual assent to the exchange and . . . consideration.'"[27]

Plaintiffs allege that the letter signed by Defendant "memorialized the agreement of the parties to divide the estate of their mother 'into three (3) equal shares.'"[28]   Plaintiffs seek specific

---

[20] Plaintiffs are citizens of Utah and California, whereas Defendant is a citizen of Virginia. Further, both parties agree that the amount in controversy exceeds $75,000.00. Therefore, this Court has jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1332.

[21] *See* Erie R.R. Co., 304 U.S. at 78.

[22] Johnson v. Riddle, 305 F.3d 1107, 1118 (10th Cir. 2002).

[23] Resource Management Co. V. Weston Ranch and Livestock Co. Inc., 706 P.2d 1028, 1036 (Utah 1985) (citing *Manwill v. Ovler*, 11 Utah 2d 433, 436, 361 P.2d 177, 178 (1961)).

[24] Id.; *see also* Coulter & Smith, Ltd. v. Russell, 966 P.2d 852, 859 (Utah 1998) ("'A generally accepted definition of consideration is that a legal deteriment has been bargained for and exchanged for a promise.'")  (quoting DeMentas v. Estate of Tallas, 764 P.2d 628, 632 (Utah Ct. App.1988)).

[25] Coulter & Smith Ltd. v. Russell, 925 P.2d 1258, 1261 (Utah 1996), *rev'd in part* 966 P.2d 852, (quoting Resource Management, 706 P.2d at 1036))

[26] Coulter & Smith, Ltd. v. Russell, 966 P.2d 852, 859 (Utah 1998).

[27] Aquagen Intern. Inc. v. Calrae Trust, 972 P.2d 411, 413 (Utah 1998) (quoting *Restatement (Second) of Contracts*, § 17(1) (1981)).

[28] Compl. ¶ 20.

enforcement of the agreement or, in the alternative, money damages.[29]  In opposition, Defendant

claims that any promise given to Plaintiffs was an unenforceable promise to make a gift and

Plaintiffs fail to allege any acts that they were obligated to perform pursuant to an agreement.[30]

Plaintiffs' response is that Defendant requested Plaintiffs meet with her in Salt Lake City,

something they were not otherwise required or obligated to do.[31]  According to Plaintiffs, the act

of meeting with Defendant constituted a legal detriment, and thus consideration for the

contract.[32]  Defendant responds arguing that the request to meet in Salt Lake City was not in

consideration for equally dividing the trust, but rather was to facilitate the division of the trust.[33]

Defendant further argues that the meeting occurred before Plaintiffs allege she promised to

divide the estate, and so at best, the meeting would constitute past consideration.[34]  The court

agrees with Defendant.

　　Under the principles found in *Resource Management*[35] and the Second Restatement of

Contracts,[36] which is often cited to by Utah courts,[37] the performance of a condition to receive a

gift does not constitute consideration.  "Consideration is an act or promise, bargained for and

given in exchange for a promise."[38]  Here, Defendant requested that Plaintiffs come to Salt Lake

---

[29] *Id*. at 6.

[30] Def's Mem. 3.

[31] Op. p. 6

[32] Pls' Mem. 6.

[33] Def's Reply Mem. 3–4.

[34] *Id.* at 4–5.

[35] 706 P.2d 1028.

[36] *See* Restatement (Second) of Contracts (1981) (specifically § 71 which provides examples for the principle that past consideration is insufficient to support the formation of a contract).

[37] *For e.g., see, Bybee v. Abdulla,* 2008 UT 35, 198 P.3d 40; *Ford v. American Exp. Financial Advisors, Inc.,* 2004 UT 70, 98 P.3d 15; *Peterson v. Coca-Cola USA,* 2002 UT 42, 48 P.3d 941; *Aquagen,* 972 P.2d 411; *Resource Management,* 706 P.2d 1028.

[38] *Resource Mangaement,* 706 P.2d at 1036; *see also Coulter & Smith, Ltd. v. Russell,* 966 P.2d 852, 859 (Utah 1998) ("'A generally accepted definition of consideration is that a legal detriment has been

City to discuss the division of their mother's estate.  The court finds the trip to Salt Lake City

was a condition precedent to dividing the estate not consideration for the alleged agreement.  In

essence, the trip to Salt Lake City helped facilitate the division of the estate but did not serve as

consideration for equally dividing the estate.  This interpretation is supported by the agreement

itself.[39]  The agreement begins by stating that "Over the past few days, the daughters of Mary D.

Reese have come together to discuss the Mary D. Reese Trust."[40]  Thus, the purpose of the trip

was "to discuss" the division of the estate.  As noted by Plaintiffs this could have been done just

as easily over the phone rather than in person.  But, this makes no difference under the law.

While a trip to Salt Lake City to discuss the division of the estate may have taken more effort

than a phone call, the effort to get to Salt Lake City *per se* does not turn a condition into

consideration.  Moreover, it was reasonable to presume the sisters would meet in Salt Lake City

to divide their mother's estate.  Plaintiff Mortensen is a legal resident of Salt Lake County and

the trust corpus was located in the area.  In sum, the court fails to find any bargained for benefit

that Defendant received from meeting in Salt Lake City with her sisters to divide their mother's

estate..

      Finally, even if this court were to decide the trip to Salt Lake City was consideration for

the agreement, the trip occurred before the sisters signed or reached this agreement.  Because the

trip happened before any agreement was reached, it would be considered past consideration.

"The doctrine that past consideration is no consideration represents the overwhelming weight of

---

bargained for and exchanged for a promise.'")  (quoting *DeMentas v. Estate of Tallas*, 764 P.2d 628, 632 (Utah Ct. App.1988)).

[39] *See e.g., Central Florida Investments, Inc. v. Parkwest*, 2002 UT 3 ¶ 12, 40 P.3d 599 ("we first look to the plain language within the four corners of the agreement to determine the intentions of the parties, . . . .").

[40] Letter dated November 10, 2007, attached as exh. A to Plaintiffs' Complaint.

authority and is almost universally followed"[41] including in Utah.  Thus, the trip was at best past

consideration that would not support the agreement signed on November 10, 2007.

## <u>ORDER</u>

For the reasons set forth above, there was no consideration to support the agreement

signed on November 10, 2007.  Thus, Plaintiffs' Complaint fails to state a claim for breach of

contract and therefore, the court GRANTS Defendant's motion to dismiss this case.[42]


DATED this 15th day of April, 2009.


Brooke C. Wells
United States Magistrate Judge

---

[41] *Jensen v. Anderson*, 468 P.2d 366, 368 (Utah 1970).
[42] Docket nos. 5 and 7.